UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ELIZABETH KERWIN, Regional Director**
**Seventh Region of the National Labor Relations Board,**
for and on behalf of the
NATIONAL LABOR RELATIONS BOARD

    **Petitioner**

  v.                                                    CIVIL Case No. _____

**TRINITY HEALTH MICHIGAN**
**d/b/a TRINITY HEALTH ANN ARBOR HOSPITAL**

    **Respondent**

## EXPEDITED CONSIDERATION REQUESTED

## PETITION FOR PRELIMINARY INJUNCTION UNDER SECTION 10(j) OF THE NATIONAL LABOR RELATIONS ACT, AS AMENDED

To the Honorable Judges of the United States District Court for the Eastern District of Michigan:

Elizabeth K. Kerwin, Regional Director of the Seventh Region of the National Labor Relations Board [Board], petitions this Court for and on behalf of the Board pursuant to Section 10(j) of the National Labor Relations Act, as amended [61 Stat. 149; 73 Stat. 544; 29 U.S.C. Sec 160(j)] [the Act] for injunctive relief pending the final disposition of the matters before the Board based upon the Consolidated Complaint issued by the General Counsel of the Board, alleging that Trinity Health Michigan d/b/a Trinity Health Ann Arbor Hospital [Respondent] has engaged in,

1

and is engaging in, acts and conduct in violation of Section 8(a)(1) and (3) of the Act.  In support, Petitioner respectfully submits:

1. Petitioner is the Regional Director of Region 7 of the Board, an agency of the United States, and files this petition for and on behalf of the Board.

2. Jurisdiction of this Court is invoked pursuant to Section 10(j) of the Act.  29 U.S.C. Sec 160(j).

3. (a) On March 9, 2023, pursuant to provisions of the Act, SEIU Healthcare Michigan [Charging Party Union] filed with the Board a charge in Case 07-CA-313907 alleging that Respondent has engaged in, and is engaging in, unfair labor practices within the mearing of Section 8(a)(1) and (3) of the Act.  On April 3, 2023, the Charging Party Union filed with the Board a first amended charge in Case 07-CA-313907.  On June 30, 2023, the Charging Party Union filed with the Board a second amended charge in Case 07-CA-313907.  Copies of the original charge and the amended charges in Case 07-CA-313907 are being filed with this Petition as Exhibit 1(a)-(c).

(b) On July 6, 2023, pursuant to provisions of the Act, Linda Tinsley, an individual [Charging Party Tinsley], filed with the Board a charge in Case 07-CA-321640 alleging that Respondent has engaged in, and is engaging in, unfair labor practices within the mearing of Section 8(a)(1) and (3) of the Act.  A copy of the charge in Case 07-CA-321640 is being filed with this Petition as Exhibit 2.

4. The charges referenced in paragraph 3 were referred to Petitioner as Regional Director of the Seventh Region of the Board.

5. On August 15, 2023, following a full investigation of the charges, the Board's General Counsel, by the Petitioner, on behalf of the Board, pursuant to Section 10(b) of the Act, issued an Order Consolidating Cases, Consolidated Complaint and Notice of Hearing in Cases 07-CA-313907 and 07-CA-321640. A copy of the Consolidated Complaint is being filed with this Petition as Exhibit 3.

6. A hearing on the allegations of the Consolidated Complaint commenced on September 26, 2023, before Administrative Law Judge Charles J. Muhl, in Detroit, Michigan. The hearing was held from September 26 through 29, and October 3 through 6, 2023; resumed November 14 through 17, with additional hearing dates scheduled for November 27 through December 1, 2023, and January 8 through 12, 2024.

7. There is reasonable cause to believe that the allegations in the Consolidated Complaint are true and that Respondent has engaged in, and is engaging in, unfair labor practices within the meaning of Section 8(a)(1) and (3) of the Act and affecting commerce within the meaning of Section 2(6) and (7) of the Act.

8. In support of this Petition, based on information and belief, the Petitioner states that at all material times, Respondent, a Michigan corporation with

headquarters located at 20555 Victor Parkway in Livonia, Michigan, and facilities and places of business at various locations throughout the United States and the State of Michigan, including the facilities listed below, has been engaged in the operation of an acute care hospital and the provision of healthcare services:

> Reichert Center Lab, 5333 McAuley Dr., Ypsilanti, Michigan (Reichart Lab facility); Arbor Park Lab, 4972 Clark Rd., #101, Ypsilanti, Michigan (Arbor Park Lab facility); Domino's Farms Lab, 4200 Whitehall Dr., Suite 230, Ann Arbor, Michigan (Domino's Farms facility); West Arbor Lab, 4350 Jackson Rd., Suite 110, Ann Arbor, Michigan (West Arbor Lab facility) ; Cherry Hill Lab, 49650 Cherry Hill Rd # 130, Canton, Michigan (Cherry Hill Lab facility); Fowlerville Lab, 202 E Van Riper Rd., Ste 300, Fowlerville, Michigan (Fowlerville Lab facility); Milan Lab, 870 E Arkona Rd., Suite 130, Milan, Michigan (Milan Lab facility); Plymouth Lab, 990 W Ann Arbor Trail, Suite 208, Plymouth, Michigan (Plymouth Lab facility); Ann Arbor Oncology Lab, 5303 Elliott Dr., Ypsilanti, Michigan (Ann Arbor Oncology Lab facility); Canton Oncology Lab, 1600 Canton Ctr Rd., Canton, Michigan (Canton Oncology Lab facility); Genoa Lab, 2305 Genoa Business Park, Suite 130, Brighton, Michigan (Genoa Lab facility); Canton Non-Oncology Lab, 1600 S. Canton Center Rd., Suite 110, Canton, Michigan (Canton Non-Oncology Lab facility); Partners in Internal Medicine Lab--Ann Arbor, 2200 Green Road, Ann Arbor, Michigan (Partners Ann Arbor facility); Partners in Internal Medicine Lab-Canton, 255 North Lilley Rd., Canton Michigan (Partners Canton facility); and IHA 7 Mile Lab, 37595 Seven Mile Rd., 2nd Floor, Livonia, Michigan (IHA facility)

9. (a) In conducting its operations during the calendar year ending December 31, 2022, Respondent derived gross revenues in excess of $250,000.

(b) During the period described above in paragraph 3(a), Respondent purchased and received goods valued in excess of $5,000 directly from points outside the State of Michigan.

10. At all material times, Respondent has been an employer engaged in commerce within the meaning of Section 2(2), (6), and (7) of the Act and has been a healthcare institution within the meaning of Section 2(14) of the Act.

11. At all material times, the Charging Party Union has been a labor organization within the meaning of Section 2(5) of the Act.

12. At all material times, the following individuals held the positions set forth opposite their respective names and have been supervisors of Respondent within the meaning of Section 2(11) of the Act and agents of Respondent within the meaning of Section 2(13) of the Act:

| | |
|---|---|
| Linda Tinsley | Manager of Laboratory and Phlebotomy Services Dept. of Clinical Laboratories |
| Ted Theodoroff | Regional Director, Laboratory Sales and Outreach Services |
| Isabel Gauss | Regional Director, Laboratory Services Southeastern Michigan |
| Tonia Schemer | Chief Human Resources Officer |
| Michael Long | Labor Relations Consultant |
| Amber Sotelo | Colleague Relations Partner for Department of Colleague and Labor Relations, Human Resources |
| David Everett | Director Clinical Operations |
| Loree Collett | Vice President of Operations |
| Alisa Bain | Laboratory Manager |

13. On multiple dates commencing on or about February 15, 2023, including on March 2, and March 3, 2023, Respondent held meetings with employees at its Southeast Michigan facilities during which it asked employees to read aloud from its anti-union campaign materials.

14. Commencing on or about February 16, 2023, Respondent, by Linda Tinsley, at Respondent's Reichert Lab facility, interrogated employees regarding their union sympathies and support.

15. About February 28, 2023, March 8, 2023, and other dates known only to Respondent, Respondent, by Linda Tinsley, Ted Theodoroff and Isabel Gauss, at its Reichert Lab facility, promised to grant wage increases to its employees if the employees rejected the Charging Party Union as their bargaining representative.

16. (a) About April 2023, Respondent increased the benefits of its employees by granting wage increases.

(b) Respondent engaged in the conduct described above in paragraph 13(a) because its employees formed, joined and/or assisted the Charging Party Union and engaged in concerted activities, and to discourage employees from engaging in these activities.

17. About March 8, 2023, Respondent, by Amber Sotelo and David Everett, at its Reichert main lab, created the impression that employees' protected concerted and union activities were under surveillance by searching the lab's main

6

office for materials related to the union organizing campaign, including but not limited to lists of employees who supported the Charging Party Union.

18. On or about March 8, 2023, Respondent, by Linda Tinsley, at its Reichert Lab facility, engaged in surveillance of employees to discover their union activities by searching for and taking photographs of union organizing materials.

19. On or about March 9, 2023, Respondent, by Linda Tinsley, at its Reichert Lab facility, created an impression among its employees that their union activities were under surveillance by Respondent by telling employees:

(a) Respondent knew employees were organizing a union;

(b) she was instructed by Respondent to search for union organizing materials in their work area;

(c) she searched employees' work area for union related materials;

(d) she found lists of employees who supported the Charging Party Union, and took photographs of union organizing materials, including but not limited to a list of employees who support or might support the Union;

(e) other Respondent managers were searching employees' work areas for lists of employees who support or might support the Union.

20. At all material times, Respondent by its Policy No. 1036, Employee Counseling and Corrective Action, has maintained the following rules:

> **The following is a non-exhaustive list of Code of Conduct Policy violations that may warrant immediate termination:**

7

(a) No call/no show for three consecutive scheduled workdays (considered a voluntary resignation) or walking off the job without permission, which constitutes job abandonment.

(b) Failure to cooperate in an investigation, failure to provide complete information, providing misleading information, or lying in the course of an investigation conducted by Trinity Health, its Health Ministries and Subsidiaries or an outside agent.

(c) Unauthorized recording of conversations or making other unauthorized recordings, pictures or videos, whether they are Employees, management, patients, residents or visitors.

(d) Falsifying records, making any misleading statement or material omission on any document.

(e) Inappropriate use of Trinity Health and its Health Ministries and Subsidiaries intellectual property, communications, equipment, and company logo.

(f) Misuse or abuse of Trinity Health or its Health Ministries and Subsidiaries telephones, cell phones, or other company equipment, or personal equipment in a manner that impacts Trinity Health.

(g) Engaging in activity that Trinity Health and its Health Ministries and Subsidiaries believe is disruptive to its operations or the ability of other Employees to work effectively, including but not limited to engaging in abusive or profane language, harassment of others, offensive, threatening, intimidating or coercive conduct.

(h) Insubordination or willful/disrespectful behavior, including acts involving the failure to follow the work-related directions or procedures set forth by the Employee's supervisor.

21. (a) At all material times, Charging Party Tinsley has been a supervisor of Respondent within the meaning of Section 2(11) of the Act.

(b) About February and March 2023, Respondent ordered Charging Party Tinsley to commit unfair labor practices.

(c) By the conduct described above in paragraph 21(b), Respondent caused the termination of Charging Party Tinsley.

(d) Respondent engaged in the conduct described above in paragraph 21(c) because Charging Party Tinsley refused to commit unfair labor practices.

22. About March 9, 2023, Respondent's employees: Sean Wood, Julie Fuciarelli, Debra Holbrook, Tatiana Trombly, Karah Vallely, Kimberly Ann Carrington, Tiffany Hammoud, Louise Joplin, Larissa Luff, Matthew Miller, Heather Nielsen and Meagan Terrell-Johnson engaged in concerted activities with each other for the purposes of collective bargaining and other mutual aid and protection by walking off the job.

23. (a) About March 9, 2023, Respondent suspended Sean Wood, Julie Fuciarelli, Debra Holbrook, Tatiana Trombly, Karah Vallely, Kimberly Ann Carrington, Tiffany Hammoud, Larissa Luff and Matthew Miller.

(b) About March 13, 2023, Respondent discharged Sean Wood, Julia Fuciarelli, Debra Holbrook, Tatiana Trombly, Karah Vallely, Kimberly Ann Carrington, Tiffany Hammoud, Larissa Luff, and Matthew Miller.

  (c) About March 14, 2023, Respondent discharged Heather Nielsen.

  (d) About March 15, 2023, Respondent discharged Louise Joplin.

  (e) About March 24, 2023, Respondent discharged Megan Terrell-Johnson.

  24. (a) Respondent engaged in the conduct described above in paragraph 23 because Sean Wood, Julie Fuciarelli, Debra Holbrook, Tatiana Trombly, Karah Vallely, Kimberly Ann Carrington, Tiffany Hammoud, Louise Joplin, Larissa Luff, Matthew Miller, Heather Nielsen and Meagan Terrell-Johnson engaged in the activity described above in paragraph 22, and in order to discourage employees from engaging in these or other protected concerted activities.

  (b) Respondent engaged in the conduct described above in paragraph 23 because Sean Wood, Julie Fuciarelli, Debra Holbrook, Tatiana Trombly, Karah Vallely, Kimberly Ann Carrington, Tiffany Hammoud, Louise Joplin, Larissa Luff, Matthew Miller, Heather Nielsen and Meagan Terrell-Johnson assisted the Charging Party Union, and to discourage employees from engaging in these activities.

  (c) Respondent engaged in the conduct described above in paragraph 23 because Sean Wood, Julie Fuciarelli, Debra Holbrook, Tatiana Trombly, Karah Vallely, Kimberly Ann Carrington, Tiffany Hammoud, Louise Joplin, Larissa Luff, Matthew Miller, Heather Nielsen and Meagan Terrell-Johnson assertedly violated the rule described above in paragraph 20(a), and to discourage employees from engaging in these or other protected concerted or union activities.

(d)  In the alternative, about March 9, 13, 14, 15 and 24, Respondent enforced the rule described above in paragraph 20(a) selectively and disparately by applying it only against employees who assisted the Charging Party Union or who it believed assisted the Charging Party Union.

(e)  In the alternative, Respondent engaged in the conduct described above in paragraph 23 because Respondent mistakenly believed Sean Wood, Julie Fuciarelli, Debra Holbrook, Tatiana Trombly, Karah Vallely, Kimberly Ann Carrington, Tiffany Hammoud, Louise Joplin, Larissa Luff, Matthew Miller, Heather Nielsen and Meagan Terrell-Johnson engaged in the activity described in paragraph 22, and to discourage employees from engaging in these or other protected concerted activities.

25.  By the conduct described above in paragraphs 13 through 20, 21(b) through (d) and 23 through 24, Respondent has been interfering with, restraining, and coercing employees in the exercise of rights guaranteed in Section 7 of the Act, in violation of Section 8(a)(1) of the Act.

26.  By the conduct described above in paragraphs 16 and 23 through 24, Respondent has been discriminating in regard to the hire or tenure or terms and conditions of employment of its employees, thereby discouraging membership in a labor organization in violation of Section 8(a)(1) and (3) of the Act.

27. The unfair labor practices of Respondent described above affect commerce within the meaning of Section 2(6) and (7) of the Act.

28. Upon information and belief, it may be fairly anticipated that, unless enjoined, Respondent will continue to engage in the conduct set forth in paragraphs 10 through 17 and 18(b) through (d) and 20 through 21, or similar acts, in violation of Section 8(a)(1) and (3) of the Act.

29. Upon information and belief, unless the continuation of the aforementioned unfair labor practices is immediately restrained, a serious abrogation of the rights guaranteed and the underlying public policies served by the Act will continue. As a result, the enforcement of important provisions of the Act and of public policy will be impaired before Respondent can be placed under legal restraint through the regular procedures of a Board order and enforcement decree. Unless injunctive relief is immediately obtained, it is anticipated that Respondent will continue its unlawful conduct during the proceedings before the Board and during subsequent proceedings before a Court of Appeals for an enforcement decree, with the result that employees will continue to be deprived of their fundamental right to organize for the purpose of collective bargaining, as guaranteed in the Act.

30. Upon information and belief, to avoid the serious consequences set forth above, it is essential, appropriate, just and proper, for the purposes of effectuating the polices of the Act and avoiding substantial, irreparable, and

immediate injury to such policies, to the public interest, and to employees of Respondent, and in accordance with the purposes of Section 10(j) of the Act, that, pending the final disposition of the matters involved here pending before the Board, Respondent be enjoined and restrained from the commission of the acts and conduct alleged above, similar or related acts or conduct or repetitions thereof.

31. No previous application has been made for the relief requested herein.

32. Pursuant to the District Court's Local Rule 7.1, on November 20, 2023, Petitioner, through counsel, explained the nature of its Petition to Respondent's counsel and its legal basis and requested, but did not obtain, concurrence in the relief sought.

**WHEREFORE**, Petitioner seeks the following relief:

1. That the Court issue an order directing Respondent to appear before this Court, at a time and place fixed by the Court, and show cause, if any there be, why an injunction should not issue enjoining and restraining Respondent, its officers, representatives, agents, employees, attorneys, and all persons acting in concert or participation with them, pending final disposition of the matters involved here pending before the Board from:

a) Interfering with employees' Section 7 rights by having them read aloud from the Respondent's anti-union campaign materials;

  b) Interrogating employees about their union membership, activities, and sympathies;

  c) Promising employees wage increases or other benefits to interfere with union organizing campaigns;

  d) Granting benefits, including wage increases, to interfere with union organizing campaigns, except that nothing herein shall be construed as requiring Respondent to revoke any wage increase or other benefits it has granted;

  e) Surveilling or creating the impression of surveilling employees' union activities;

  f) Maintaining overly broad rules infringing on employees' Section 7 rights;

  g) Enforcing work rules and policies selectively and disparately by applying rules and policies more strictly against employees who formed, joined, or assisted the Charging Party Union;

  h) Discharging or suspending employees for violating unlawful work rules;

  i) Causing the constructive discharge of its supervisors because they refuse to commit unfair labor practices;

  j) Discharging or suspending its employees because they engage in union and/or protected concerted activities; and

k) In any other manner unlawfully interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them under Section 7 of the Act.

2. Petitioner further asks the Court to order Respondent to take the following Affirmative Actions:

a) Within five (5) days of the District Court's Injunction Order, temporarily expunge from Respondent's personnel records and files any references to the suspensions of Sean Wood, Julia Fuciarelli, Debra Holbrook, Kimberly Ann Carrington, Tiffany Hammoud, Larissa Luff, Matthew Miller, Megan Terrell-Johnson, Tatiana Trombly, and Karah Vallely, and discharges of Sean Wood, Julia Fuciarelli, Debra Holbrook, Kimberly Ann Carrington, Tiffany Hammoud, Louise Joplin, Larissa Luff, Matthew Miller, Heather Nielsen, Megan Terrell-Johnson, Tatiana Trombly, Karah Vallely, and Linda Tinsley, and advise those employees that this has been done and that their suspensions and discharges will not be used against them in any way while the injunction is in place;

b) Within five (5) days of the issuance of the District Court's Injunction Order, offer, in writing, interim reinstatement to Sean Wood, Julia Fuciarelli, Debra Holbrook, Kimberly Ann Carrington, Tiffany Hammoud, Louise Joplin, Larissa Luff, Matthew Miller, Heather Nielsen, Megan Terrell-Johnson, Tatiana Trombly, Karah Vallely, and Linda Tinsley to their former position of employment, or if that

position no longer exists, to a substantially equivalent position, displacing, if necessary, any employee who may have been hired or reassigned to replace them, without prejudice to their seniority or any other rights or privileges they previously enjoyed;

  c) Within five (5) days of the Injunction Order, rescind, in writing, its overly broad Employee Conduct and Corrective Action policy;

  d) Within ten (10) days from the date of the District Court's Injunction Order, Respondent shall:

   i. Post physical copies of the District Court's Injunction Order setting forth the relief granted at Respondent's **Reichert Center Lab**, 5333 McAuley Drive, Ypsilanti, Michigan 48197; **Arbor Park Lab**, 4972 Clark Road, Suite #101, Ypsilanti, Michigan 48197; **Domino's Farms Lab**, 4200 Whitehall Drive, Suite 230, Ann Arbor, MI 48105; **West Arbor Lab**, 4350 Jackson Road, Suite 110, Ann Arbor, Michigan 48103; **Cherry Hill Lab**, 49650 Cherry Hill Road, Suite #130, Canton, Michigan 48187; **Fowlerville Lab**, 202 East Van Riper Road, Suite 300, Fowlerville, Michigan 48836; **Milan Lab**, 870 East Arkona Road, Suite 130, Milan, Michigan 48160; **Plymouth Lab**, 990 West Ann Arbor Trail, Suite 208, Plymouth, Michigan 48170; **Ann Arbor Oncology Lab**, 5303 Elliott Drive, Ypsilanti, Michigan 48197; **Canton Oncology Lab**, 1600 Canton Center Road, Canton, Michigan 48188; **Genoa Lab**, 2305 Genoa Business Park, Suite 130,

Brighton, Michigan 48114; **Canton Non-Oncology Lab**, 1600 S. Canton Center Road, Suite 110, Canton Michigan 48187; **Partners in Internal Medicine Lab**—Ann Arbor, 2200 Green Road, Ann Arbor, Michigan 48105; **Partners in Internal Medicine Lab**—Canton, 255 North Lilley Road, Canton Michigan 48187; **IHA 7 Mile Lab**, 37595 Seven Mile Road, 2nd Floor, Livonia, Michigan 48152 ("Southeast Michigan lab facilities"), as well as translations in other languages as necessary to ensure effective communication to Respondent's employees as determined by the Board's Regional Director of Region 7, said translations to be provided by Respondent at the Respondent's expense and approved by the Regional Director, on the bulletin board, in all breakrooms, and in all other places where Respondent typically posts notices to its employees at Respondent's Southeast Michigan lab facilities; maintain these postings during the pendency of the Board's administrative proceedings free from all obstructions and defacements; grant all employees free and unrestricted access to said postings; and grant to agents of the Board reasonable access to its worksite to monitor compliance with this posting requirement;

    ii. Distribute electronic copies of the District Court's Injunction Order setting forth the relief granted, as well as translations in other languages as necessary to ensure effective communication to Respondent's employees as determined by the Board's Regional Director of Region 7 said translations to be provided by Respondent at the Respondent's expense and approved by the Regional

17

Director, to all employees employed by Respondent at its Southeast Michigan lab facilities at any time from March 2023 through the present, via email, text message, and all intranet or internet sites or applications that Respondent uses to communicate with employees;

        iii.  Convene one or more mandatory meetings, on working time and at times when Respondent customarily holds employee meetings and scheduled to ensure the widest possible attendance, at Respondent's Southeast Michigan lab facilities listed above in paragraph *, during which the District Court's Injunction Order setting forth the relief granted will be read by a responsible Respondent agent to all employees, supervisors, managers, and agents, or at the Respondent's option, by an agent of the Board in English. Respondent shall also afford the Charging Party Union, through the Regional Director, reasonable notice and opportunity to have a representative present when the Order is read to employees. Interpreters shall be made available for any individual whose language of fluency is other than English at Respondent's expense. Respondent shall announce the meeting(s) for the Order reading in the same manner it would customarily announce a meeting to employees; the meeting(s) shall be for the above-stated purpose only. Individuals unable to attend the meeting to which they have been assigned will be able to attend a subsequent meeting during which the same reading shall take place under the same

conditions. Respondent shall allow all employees to attend these meetings without penalty or adverse employment consequences, either financial or otherwise;

        iv.    Within twenty (20) days of the issuance of the District Court's decision and order, file with the District Court, with a copy sent to the Regional Director of the Board for Region 7, a sworn affidavit from a responsible Respondent official setting forth with specificity the manner in which Respondent has complied with the terms of the Court's decree, including how and where the documents have been posted, and the date(s), time(s), and location(s) that the order was read to employees and by whom, as required by the Court's order.

    f)    That the Court grant such other and further relief as may be just and proper.

Dated this 20th day of November 2023, in Detroit, Michigan.

Respectfully submitted,

/s/ *Elizabeth K. Kerwin*
Elizabeth K. Kerwin
Regional Director
National Labor Relations Board, Region 7
Patrick V. McNamara Building
477 Michigan Avenue, Room 05-200
Detroit, MI  48226

/s/ *Dynn Nick*
Counsel for Petitioner
National Labor Relations Board, Region 7
Patrick V. McNamara Building
477 Michigan Avenue, Room 05-200
Detroit, MI  48226
Telephone: 313-335-8037
E-Mail: dynn.nick@NLRB.gov
Bar No. P60497